## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

REGINALD LAMONT DYER,

    Plaintiff,

  vs.

COMERICA BANK; and BANK
OF NEW YORK MELLON,

    Defendant.

Case No.
6:26-CV-965-CEM-RMN

## REPORT AND RECOMMENDATION

Reginald Lamont Dyer, proceeding *pro se*, filed a Complaint against Comerica Bank and Bank of New York Mellon, (Dkt. 1), and a Motion to Proceed *in forma pauperis* (the "IFP Motion," Dkt. 2). Considering the standards the Court must apply and the allegations in the Complaint, I respectfully recommend denying the IFP Motion and dismissing the Complaint.

### I.  LEGAL STANDARDS

The Court must conduct a two-step inquiry when a plaintiff files a complaint and seeks leave to proceed in forma pauperis. First, the Court must evaluate a plaintiff's financial status and determine whether he or she is eligible to proceed in forma pauperis. 28 U.S.C. § 1915(a)(1).

Second, once the Court is satisfied that the plaintiff is a pauper, the Court must review the complaint under section 1915(e)(2) and dismiss the complaint if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *Id.* § 1915(e)(2)(B)(i)–(iii). A complaint is frivolous within the meaning of section 1915(e)(2)(B) if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). "A claim has facial plausibility when the when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

A *pro se* complaint should be construed leniently, but a court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." *GJR Invs. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998). Moreover, a *pro se* litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835,

837 (11th Cir.), *cert. denied*, 493 U.S. 863 (1989). If the complaint is deficient, the court must dismiss the lawsuit. *Neitzke*, 490 U.S. at 324.

## II.  ANALYSIS

First, I consider whether Plaintiff qualifies as a pauper and then I discuss the adequacy of the Amended Complaint. Finally, I consider whether the Court should grant Plaintiff leave to file a third amended complaint.

### A.    Financial Information

When considering an IFP Motion, the Court must assess whether the statements in the IFP application or accompanying declaration satisfying the requirements of poverty. *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (quoting *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976)). The Court does this by comparing the applicant's assets, income, and liabilities. *See, e.g., id.* at 1307–08 ("the district court was unable to compare Martinez's assets with her liabilities in order to determine whether she satisfied the poverty requirement").

After a careful review of the motion, Plaintiff's application appears somewhat incomplete and inaccurate. The application does not state with particularity Plaintiff's monthly expenses, such as those for rent, food, transportation, or utilities or provide any explanation as to how Plaintiff is living with no expenses or income, or whether money is expended on his behalf by others. *See* Dkt. 2 at 4–5. Typically, I find

an application such as this to be inadequate because common sense suggests most people have *some* expenses. Thus, I recommend the Court deny Plaintiff's Motion to Proceed *in forma pauperis* without prejudice.

### B.    Adequacy of the Complaint

Besides a successful showing of indigency, Plaintiff must also file a complaint that states a non-frivolous claim of relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." *Wilkerson v. H&S, Inc.*, 366 F. App'x 49, 51 (11th Cir. 2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)).

And under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). In short, the complaint must contain more than conclusory assertions and a list of asserted claims. It must include a factual basis for each claim. That is, the complaint must set forth sufficient "factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Twombly*, 550 U.S. at 555.

Plaintiff's Complaint does not contain any actual causes of action that entitling Plaintiff to the relief sought. Although the Complaint contains a list of vague factual allegations, it does not connect any of the allegations to legitimate causes of actions or claims for relief. *See* Dkt. 1. For example, Plaintiff's "Count I" does not list any federal statute, rule, or legal theory entitling Plaintiff to the relief sought. The only reference to a statute in this Count is 31 U.S.C. § 3335(a)[1], which does not provide a private right of action against the Defendants named in the Complaint. The same goes for "Count 3," which fails to list any federal statute, rule, or legal theory entitling Plaintiff to the relief sought. Counts 2 and 4 for mental anguish and pain and suffering are simply theories of damages, and not separate, stand-alone causes of action. The Complaint should be dismissed on this basis.

Plaintiff's Complaint should also be dismissed as an impermissible shotgun pleading. Complaints that fail to comply with procedural rules "are often disparagingly referred to as 'shotgun pleadings.'" *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d

---

[1] This statute governs the timely disbursement of Federal funds and authorizes the Secretary of the Treasury to enforce compliance by assessing monetary charges against non-compliant agencies. There is no private right of action for Plaintiff to sue under.

1313, 1321–23 (11th Cir. 2015). These are: (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint"; (2) a complaint "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) a complaint "that commits the sin of not separating into a different count each cause of action or claim for relief"; and (4) a complaint "asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1321. Defendants and the Court are thus left to sift through the complaint to determine which facts—if any are alleged—would be relevant to which counts—if any are plead—and which issues. In other words, shotgun complaints do not clearly connect the alleged facts to any claim or cause of action.

Plaintiff's Complaint is just that. The allegations are not connected to any actual cause of action. And Plaintiff does not clearly delineate which facts relate to which Defendant. *See* Dkt. 1. Thus, the Court should dismiss the Complaint as a shotgun pleading.

Although I recommend denying Plaintiff's Motion and dismissing the Complaint, the Court should allow Plaintiff another opportunity to plead his claims. *See Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991) (per curiam), *overruled in part by Wagner v. Daewoo*

*Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 & n.1 (11th Cir. 2002) (en banc).

### C. Resources for Litigants Without Lawyers

Plaintiff may visit the Court's website (www.flmd.uscourts.gov) for resources for unrepresented litigants, including a form for a civil complaint and a *Guide for Proceeding Without a Lawyer*. Plaintiff may also get a copy of the *Guide* at the clerk's office. In addition, the Orlando Chapter of the Federal Bar Association operates a Legal Information Program that affords litigants proceeding in federal court without lawyers an opportunity to meet with lawyers to ask general questions about procedures governing cases in federal court. More information about the program, including instructions about how to schedule an appointment, is available on the Court's website at https://www.flmd.uscourts.gov/legal-information-program.

### III. RECOMMENDATIONS

Accordingly, I respectfully **RECOMMEND** the Court:

1.     **DENY** Plaintiff's Motion to Proceed *in forma pauperis* (Dkt. 2);

2.     **DISMISS** the Complaint without prejudice and with leave to file an amended complaint that comports with Rules 8 and 10 of the Federal Rules of Civil Procedure, complies with the requirements of this Court's Local Rules, and corrects the deficiencies identified in this report; and

3.    **ORDER** Plaintiff to file an amended complaint and renew his motion to proceed in forma pauperis no later than 21 days after the issuance of an order adopting these recommendations.

### Notice to Parties

"Within 14 days after being served with a copy of [a report and recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters review by the district judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

**ENTERED** in Orlando, Florida, on May 21, 2026.

_____
ROBERT M. NORWAY
*United States Magistrate Judge*

Copies to:

Hon. Carlos E. Mendoza

Reginald Lamont Dyer
8968 Esguerra Lane
Orlando, Florida 32836